```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**WOOKWON LEE**                                                    **PLAINTIFF**

        v.                Civil No. 07-5057

**ALBERTO GONZALES, Attorney General
of the United States; MICHAEL
CHERTOFF, Secretary, Department of
Homeland Security; M. STELA JARINE,
Director, New Orleans District Office,
U.S. Citizenship and Immigration Services;
CAROL BELLEW, Officer in Charge, Fort
Smith Field Office, U.S. Citizenship
and Immigration Services; EVELYN UPCHURCH,
Center Director, Texas Service Center,
U.S. Citizenship and Immigration Services;
EMILIO T. GONZALEZ, Director, U.S.
Citizenship and Immigration Services; and
ROBERT S. MUELLER, III, Director, Federal
Bureau of Investigations**                                         **DEFENDANTS**

### O R D E R

Now on this 1st day of August, 2007, comes on for consideration defendants' **Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim** (document #10), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.  Plaintiff's Complaint prays that this Court compel defendants, and those acting under them, to take action on his application for adjustment of status, which he alleges was filed on or about April 21, 2004.  He alleges that he is a citizen of Canada; that he last entered the United States on a valid H1B1; that he has since worked as an Assistant Professor at the

University of Arkansas; and that he applied to adjust his status to that of Permanent Resident Alien on April 21, 2004. He claims that the defendants have willfully and unreasonably delayed and refused to adjudicate his application for adjustment of status, in spite of a duty to act on that application.

2. Defendants move to dismiss for lack of jurisdiction, pursuant to **F.R.C.P. 12(b)(1)**, and failure to state a claim, pursuant to **F.R.C.P. 12(b)(6)**. They contend that adjustment of status is a "quintessentially discretionary" process which is "removed from the ambit of judicial review" by **8 U.S.C. §1252**.

3. **Section 1252(a)(2)(B)** provides as follows:

(2) Matters not subject to judicial review.

(B) Denials of discretionary relief.  Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review --

(i)any judgment regarding the granting of relief under section . . . 1255 of this title, or . . . .

ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

**Section 1255** is the statute which deals with adjustment of status, and the cited portion of **§1252(a)(2)(B)(i)** clearly

deprives the Court of jurisdiction to review any "judgment, decision or action" regarding adjustment of status or other discretionary decisions or actions. See **Touho v. Gonzales**, **2007 WL 1759417 (June 20, 2007)**(except for constitutional claims and questions of law, Congress has not bestowed jurisdiction on the courts to review discretionary decision to deny adjustment of status).

4.   Plaintiff points out that he does not seek review of any judgment, decision or action of the defendants.  He simply seeks to compel defendants to make a judgment or decision, or take some action on his pending application.

Numerous District Courts have recently addressed the precise issue raised by plaintiff, evidencing a widespread frustration with the pace of processing adjustment of status applications. Nebraska District Judge Richard Kopf has gathered a "sampling of cases on both sides of this jurisdictional issue" in **Narra v. Gonzalez, 2007 WL 1959255 (D.Neb. July 3, 2007),** and it is clear from that "sampling" that there are persuasive arguments on both sides of the issue.  The Court is, however, persuaded that common sense dictates a finding that it has no jurisdiction over plaintiff's claim.  As noted in **Zhang v. Chertof, 2007 WL 1753538 (W.D.Va. June 19, 2007),** "[a] holding that USCIS[1] does not have discretion over the pace of application processing would lead to

---

[1]United States Citizenship Immigration Services.

the illogical conclusion that USCIS must reach an unreviewable decision within a reviewable period of time."

6.   For the foregoing reasons, the Court finds that defendants' motion should be granted, and that it need not address the other arguments raised by the parties.

**IT IS THEREFORE ORDERED** that defendants' **Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim** (document #10) is **granted**, and this matter is **dismissed**.

**IT IS SO ORDERED.**

      /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**